**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP SANDERS,                )<br>                                )<br>                                )<br>                                )<br>                Plaintiff,       )<br>                                )<br>        vs.                      )<br>                                )<br>                                )<br>OFFICER RUIZ, et al.,            )<br>                                )<br>                                )<br>                Defendants.      )<br>                                )<br>_____) | No. CV-F-06-1264 OWW<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS AMENDED<br>COMPLAINT IN PART WITH LEAVE<br>TO AMEND AND DENYING IN PART<br>WITHOUT PREJUDICE (Doc. 26) |

Plaintiff Phillip Sanders, proceeding *in pro per*, has filed an Amended Complaint.  Defendants are Fresno Police Department Officers Ignacio Ruiz and Mark Bishop.

Defendants have filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.  Alternatively, Defendants move for a more definite statement.

Plaintiff did not file a written opposition to the motion and did not appear at the hearing on August 6, 2007.

1

The Amended Complaint alleges that each defendant is an officer of the Fresno Police Department and that "defendants were acting outside the policies of the Fresno Police Department". With regard to Officer Ruiz, the Amended Complaint alleges:

> 7.  Plaintiff alleges that on or about May 6th, 2006, Officer Ruiz followed Plaintiff home, questioned the plaintiff, searched the plaintiff's vehicle and the plaintiff, and arrested the plaintiff without reasonable cause.

> 8.  Plaintiff alleges the following incidents in this matter:

>> Officer Ruiz followed plaintiff to his house at 347 W. Almy, Fresno, CA, 93706.  As plaintiff pulled into his driveway Officer Ruiz flashed his lights to stop hte plaintiff ... Officer Ruiz ask [sic] the plaintiff if he was on probation and the plaintiff responded 'yes'.  Officer Ruiz order [sic] plaintiff to step out of the car and place his hands on the car.  Plaintiff obey [sic] the officer's orders.  Without informing the plaintiff of his reasons, Officer Ruiz began to search the plaintiff and placed him under arrest by placing handcuffs on the plaintiff.  Officer Ruiz asked the plaintiff if he carried any drugs or weapons on him.  The plaintiff replied 'no'.  Officer Ruiz then threatened the plaintiff that if he did not tell him that he had drugs on him he will go to prison for a long time after he takes him to the hospital for a drug test, and after he impounds the plaintiff's girlfriend's car.  The plaintiff replied that he did not have any drugs and that he was not using drugs.  Plaintiff also told Officer Ruiz that he is willing to go to the hospital to be

tested, and requested that his
girlfriend's car not to be
impounded.

Officer Ruiz then continued his
arrest by placing plaintiff in the
back of the police car.  Without
asking the plaintiff and without
reasonable cause or 'plain view',
the officer searched the inside and
the trunk of the plaintiff's car.
After Officer Ruiz found nothing,
he took the plaintiff to the Fresno
County Jail.  There, the plaintiff
was booked and uninformed of the
reasonable cause of the search and
arrest.  Plaintiff remained in jail
for three (3) day [sic] from May
7th - 9th, 2006.  On his release he
received no information regarding
the cause of his arrest and search.

With regard to Officer Bishop, the Amended Complaint alleges:

13.  On December 3rd, 2005, while sitting at
the bus stop on Martin Luther King Street,
off of North Street, ... Officer Bishop
pulled over, questioned, searched, and
arrested the plaintiff without reasonable
cause.

14.  Plaintiff alleges the following incident
[sic] in this matter:

While coming from the grocery
store, the plaintiff was waiting at
the bus stop.  While sitting at the
bus stop around 8:30 pm, Officer
Bishop pulled over and approached
the plaintiff.  Officer questioned
the plaintiff if he was on
probation.  Plaintiff replied
'yes'.  Officer Bishop then asked
him to stand and place hands on the
police car.  Officer Bishop then
ask [sic] the reason for his
probation.  The plaintiff replied
that that information is alread
[sic] available to him and that
Officer Bishop was already aware of

3

the plaintiff probation [sic] reasons. At this point the officer had not arrested the plaintiff. Officer Bishop searched him in detail without informing the plaintiff of his reasonable cause ... Officer Bishop told the plaintiff that he is now placing him under arrest, but he did not read him his rights or state the reasonable cause of the arrest. The plaintiff requested for Officer Bishop to contact his probation officer and asked if he could speak to a lawyer. Officer Bishop responded by informing the plaintiff that he doesn't need a lawyer and to just talk to him. Officer then place [sic] plaintiff in the back of his police car and drove plaintiff to the Fresno County Jail. Plaintiff remained in the jail without being informed of reasonable cause for four (4) days. On the 4th day Phillip Sanders was released without being informed of the reasonable cause of his arrest.

A.  <u>Governing Standards</u>.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to

dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

      B.  <u>Capacity</u>.

      Defendants, noting that the City of Fresno is not named as a defendant and that the Amended Complaint alleges that they were acting "outside the policies" of the Fresno Police Department, assert that it is unclear whether plaintiff is making allegations

1  against them in their individual or official capacities.

2      Although it is inferrable that the officers are sued in

3  their individual capacities, Defendants' motion is GRANTED WITH

4  LEAVE TO AMEND to specify that Defendants are so sued.

5      B.  <u>Alleged Incidents are Unrelated</u>.

6      Defendants assert that the Amended Complaint fails to show

7  any correlation or relevance between the two events, which

8  occurred approximately five months apart.  Defendants contends

9  that allowing these two incidents to be combined will be

10 prejudicial to defendants and will create confusion of the

11 issues.  Defendants argue that the Amended Complaint "should be

12 dismissed as the relation of these two unrelated incidents is

13 vague and ambiguous."  Alternatively, they argue that Plaintiff

14 should be required to submit a more definite statement.

15     Defendants' motion is DENIED WITHOUT PREJUDICE.  The ground

16 asserted is not relevant to a failure to state a claim under Rule

17 12(b)(6) and the allegations are not vague and ambiguous.

18     C.  <u>Failure to State a Claim Against Officers Ruiz and

19 Bishop</u>.

20     Defendants argue that the allegations of the Amended

21 Complaint, with the repeated reference to "reasonable cause",

22 establishes that Plaintiff has not stated a claim upon which

23 relief can be granted for violation of the Fourth Amendment,

24 which requires "probable cause."

25     Defendant cites *Samson v. California*, ___ U.S. ___, 126

26 S.Ct. 2193 (2006), wherein the Supreme Court held that "the

1  Fourth Amendment does not prohibit a police officer from

2  conducting a suspicionless search of a parolee."  *Id.* at 2202.

3  Defendant recognizes that *Samson* involved a parole search and

4  that this case involves a probation search, but asserts that the

5  Ninth Circuit has consistently found no constitutional difference

6  between probation and parole for purposes of the Fourth

7  Amendment, citing *Motley v. Parks*, 432 F.3d 1072, 1083 n.9 (9th

8  Cir.2005).  Defendant asserts:

9              Plaintiff failed to provide his probation
             terms in his Complaint [sic], and whether a
10             condition of his probation included a consent
             to warrantless search provisions, whether he
11             was in violation of those terms, and whether
             there was a probation hold placed on him.
12             This vital information could assist in
             setting forth the correct standard for this
13             case.

14             Given this vague allegation and inaccurate
             standard under the Fourth Amendment,
15             defendants request that this claim be
             dismissed as to Officer Ruiz [and Officer
16             Bishop].  In the alternative, defendants move
             for a more definite statement as to
17             plaintiff's probation terms at the time of
             the alleged incident.

18

19       At the hearing, Defendants conceded that dismissal on this

20  ground should be with leave to amend so that Plaintiff can allege

21  whether or not the terms of his probation included the

22  requirement that he submit to warrantless searches.

23       Defendants' motion to dismiss on this ground is GRANTED WITH

24  LEAVE TO AMEND.

     D.  <u>Qualified Immunity</u>.

25       Defendants argue that they are entitled to qualified

26

                                   7

immunity from liability because "from the facts as alleged [each Defendant] had a legal right to search plaintiff who admitted he was on probation".

Because leave to amend is granted to allow Plaintiff to allege whether the terms of his probation included the requirement that he submit to warrantless searches, dismissal of the Amended Complaint on this ground is DENIED WITHOUT PREJUDICE.

<u>CONCLUSION</u>

For the reasons stated above,

1.  Defendants' motion to dismiss the Amended Complaint is GRANTED IN PART WITH LEAVE TO AMEND AND DENIED IN PART WITHOUT PREJUDICE.

2.  Plaintiff shall file a Second Amended Complaint in accordance with this Order within 10 days of the filing date of this Order.  Failure to timely comply will result in the dismissal of this action.[1]

IT IS SO ORDERED.

Dated:   **August 13, 2007**                    **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

---

[1] **Plaintiff is advised that he is responsible to comply with the Local Rules of Practice for the Eastern District of California, the Federal Rules of Civil Procedure, and any court orders. Failure to do so may result in the imposition of sanctions, including the sanction of dismissal.**