# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>            Plaintiff,<br><br>     v.<br><br>OFFICER RUIZ and OFFICER BISHOP OF THE FRESNO CITY POLICE DEPARTMENT,<br><br>            Defendants. | 1:06-cv-01264 OWW GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD CITY OF FRESNO AS A DEFENDANT<br><br>(Document 43) |

Introduction

On January 9, 2008, Plaintiff filed a document entitled "Motion to Consider City of Fresno as a Defendant under et. al."(Document 43).[1] The Court construes this motion as a motion to amend the complaint. For the reason set forth below, the Court hereby DENIES Plaintiff's Motion.

Discussion

Plaintiff's motion consists of one sentence which states as follows: "Court Memo, motion to add city of Fresno as a defendant so that city damage claim's filed will be considered." pg. 1: 17-12. Attached to the motion are two copies of the same letter from the Personnel Service Department, City of Fresno, dated June 13, 2006. The letter states, inter alia, that "an

---

[1] The plaintiff has previously filed a motion to add the City of Fresno Police Department as a Defendant on March 16, 2007. (Doc. 15). That motion was denied. (Doc. 16).

1

investigation concluded that the Fresno Police Department acted properly as directed by the appropriate state and local authorities." The letter further advised Plaintiff that the incident was not caused by negligence on the part of the City of Fresno, and that the claim Plaintiff had submitted was rejected.

  *1. Pleading Standard*

  The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

  Plaintiff was previously advised that an amended complaint be complete in itself without reference to any prior pleading. (Doc. 4). As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff was also cautioned that it was his responsibility to organize his complaint so that defendants and the court can readily ascertain which claims plaintiff is pursuing against which defendants.

  *2. Municipal Liability*

  Plaintiff was advised in this Court's previous order dismissing Plaintiff's initial complaint, that a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.[2] Monell v. Department of Social Services, 436

---

[2] Plaintiff's original complaint listed the Fresno City Police Department as the defendant. (Doc. 1). Plaintiff was advised that his complaint alleged no claims against that defendant and that he would need to allege a policy or custom resulting in a constitutional violation to establish a claim against a municipality. (Doc. 4).

1  U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County
2  of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be
3  held liable if it inflicts the injury complained of.  Gibson, 290 F.3d at 1185.
4        Generally, a claim against a local government unit for municipal or county liability
5  requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'
6  behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652,
7  667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively,
8  and more difficult to prove, municipal liability may be imposed where the local government
9  unit's omission led to the constitutional violation by its employee.  Gibson at 1186.  Under this
10 route to municipal liability, the "plaintiff must show that the municipality's deliberate
11 indifference led to its omission and that the omission caused the employee to commit the
12 constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality
13 was on actual or constructive notice that its omissions would likely result in a constitutional
14 violation."  Id.
15       *3.*  *Plaintiff's Amended Complaint filed November 16, 2007*
16       On November, 16, 2007, Plaintiff filed an amended complaint entitled, "3rd Amended
17 Complaint and a More Definite Statement, Memorandum to the Court." (Hereinafter, "Plaintiff's
18 Most Recent Amended Complaint.") (Doc. 40).   However, it appears that this is actually
19 Plaintiff's second amended complaint. [3]  Plaintiff does not allege in this document that the City
20 of Fresno had a deliberate policy, custom or practice that was the moving force behind his
21 alleged constitutional violation; or alternatively, that  the City of Fresno's deliberate indifference
22 let to its omission and that omission led to the constitutional violation by its employee.
23       A plaintiff may amend his complaint once "as a matter of course," and without leave of
24 Court, before a response has been filed under Federal Rule of Civil Procedure 15(a).

---

[3] Plaintiff filed his complaint on September 14, 2006. (Doc. 1). The Court ordered that this complaint be dismissed with leave to amend. (Doc. 4). Plaintiff filed an amended complaint on October 10, 2006. (Doc. 5). The Defendants' filed a motion to Dismiss for Failure to State a Claim, or in the Alternative, a Motion for More Definitive Statement on June 19, 2007. (Doc. 26). The Court granted the Motion to Dismiss in part with leave to amend on August 15, 2007. (Doc. 31). On November 16, 2007, Plaintiff filed the most recent amended complaint. (Doc. 40).

1  Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is
2  required for all other amendments.  Rule Civ. P. 15(a).  On November 31, 2007, Defendants filed
3  an answer to Plaintiff's most recent amended complaint. (Doc. 41).   While the Court should
4  freely give leave to amend if justice requires, the Court may deny leave to amend if the
5  amendment would be futile or subject to dismissal.  Bonn, 59 F.3d at 845; Saul v. United States,
6  928 F.2d 829, 843 (9th Cir. 1991).  Plaintiff has already been given two opportunities to amend
7  his complaint to include various Defendants and was previously advised of the law regarding
8  municipal liability.  He has failed to sufficiently articulate allegations to properly name the City
9  of Fresno as a defendant in the most recent amended complaint.   Moreover, Plaintiff 's current
10 motion has not provided sufficient information to indicate that an amended complaint is
11 warranted.  Accordingly,  Plaintiff's Motion to add the City of Fresno as a defendant is DENIED.

     IT IS SO ORDERED.

     Dated:   **February 12, 2008**              /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

4