# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS, | ) 1:06-cv-01264 OWW GSA |
| | ) |
| | ) |
| Plaintiff, | ) ORDER RE: IN CAMERA REVIEW OF |
| | ) FRESNO COUNTY SUPERIOR COURT |
| v. | ) DEPARTMENT OF PROBATION RECORDS |
| | ) |
| OFFICER RUIZ and OFFICER BISHOP | ) (Document 51) |
| OF THE FRESNO CITY POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Introduction

On November, 16, 2007, Plaintiff filed an amended complaint entitled, "3rd Amended Complaint and a More Definite Statement, Memorandum to the Court." (Hereinafter, " amended complaint.") (Doc. 40). [1]  In this amended complaint, Plaintiff alleges that his Fourth Amendment Rights were violated when Defendants Officer Ignacio Ruiz and Officer Mark Bishop (hereinafter, "Defendants") arrested him without probable cause.  Specifically, he alleges that on May 6, 2006, Officer Ruiz arrested him and unlawfully searched his car.  Plaintiff alleges

---

[1]  Although this document is entitled third amended complaint, this is Plaintiff's second amended complaint.  Plaintiff filed the first complaint in this action on September 14, 2006.  (Doc. 1).  The Court ordered that this complaint be dismissed with leave to amend.  (Doc. 4).  Plaintiff filed an amended complaint on October 10, 2006.  (Doc. 5).  The Defendants' filed a motion to Dismiss for Failure to State a Claim, or in the Alternative, a Motion for More Definitive Statement on June 19, 2007.  (Doc. 26).  The Court granted the Motion to Dismiss in part with leave to amend on August 15, 2007. (Doc. 31).  On November 16, 2007, Plaintiff filed the most recent amended complaint.  (Doc. 40).

1    he remained in jail for three days from May 7, 2006 until May 9, 2006.  In the same complaint,

2    Plaintiff alleges that Officer Mark Bishop arrested him on December 3, 2005, without informing

3    him his rights or stating the reason for the arrest.  Plaintiff also alleges Officer Bishop told him

4    that he did not need an attorney.  Plaintiff alleges he remained in jail for four days as a result of

5    this arrest.  Plaintiff is requesting monetary and punitive damages, attorney's fees, and costs for

6    both causes of action.

7        On June 27, 2008, Defendants filed a Motion to Enforce a Subpoena Against the County

8    of Fresno Department of Probation (hereinafter, "probation department") for the production of

9    documents.  Specifically, Defendants are seeking information from the probation department

10   regarding the circumstances of Plaintiff's arrests.  Defendants allege that Plaintiff was on

11   searchable probation at the time of his arrest and was taken into custody for probation violations.

12   The department of probation objected to the subpoena under California Penal Code § 1203.10,

13   and on the grounds that the documents are protected by the official information privilege.

14   Defendant's Motion is scheduled to be heard on August 8, 2008 at 9:30 am before this court.

15       On July 14, 2008, United States District Court Judge Oliver Wanger held a hearing and

16   the production of these documents was discussed.  All parties stipulated that Magistrate Judge

17   Gary Austin would do an *in camera* review of the documents which are contained in Plaintiff's

18   probation file.  However, no stipulation was entered into by the parties subsequent to the hearing.

19   On July 22, 2008, Judge Wanger ordered that the probation file be produced and that this court

20   conduct an *in camera* review of the documents.  Pursuant to Judge Wanger's order, an *in camera*

21   review of Fresno County Superior Court Department of Probation File #176744 relating to the

22   Plaintiff, Phillip E. Sanders (hereinafter, "plaintiff's probation file"), was completed on July 22,

23   2008.  The court issues the following order.

24                                               Discussion

25    Fed.R.Civ.P. 26(b)  establishes the scope of discovery and states in pertinent part:

26        Parties may obtain discovery regarding any matter, non privileged, that is relevant to any
          party's claim or defense, including the existence, description, nature, custody, condition,
27        and location of any books, documents, or other tangible things and the identity and
          location of persons having knowledge of any discoverable matter.  For good cause, the
28        court may order discovery of any matter relevant to the subject matter involved in the

                                                    2

1    action.  Relevant information need not be admissible at trial if the discovery appears
2    reasonably calculated to lead to the discovery of admissible evidence.
     Id.

3    Upon a review of the file, the court has determined that some documents contained in
4    Plaintiff's probation file are relevant and discoverable in this action.

5    Accordingly, **IT IS HEREBY ORDERED** that Arthur Wille, Deputy County Counsel,
6    Fresno County Counsel's Office,  shall produce the following documents from Plaintiff's
7    probation file and serve copies on Erica M. Camarena, counsel for Defendants, the Plaintiff, and
8    this court's chambers within five (5) days of this order.  The produced documents will be subject
9    to a protective order issued contemporaneously with this order.  The documents are as follows:

10   1.  Superior Court of California, County of Fresno, Central Division, Misdemeanor,
11   Advisement, Waiver of Rights, and Plea Form for Phillip Eugene Sanders, Case Number
12   F02906572-3 dated March 1, 2004;

13   2. Superior Court of California, County of Fresno, Central Division, Felony, Advisement,
14   Waiver of Rights, and Plea Form for Phillip Eugene Sanders, Case Number F02906572-3 dated
15   March 1, 2004;

16   3. Superior Court of California County of Fresno Minute Orders and Commitments for
17   Phillip Eugene Sanders in Case # F02906572-3, dated as follows :

18                    a) April 13, 2004
                      b) October 18, 2004
19                    c) June 9, 2006
                      d) June 13, 2006
20                    e) June 28, 2006

21   4. Fresno County Probation Department, Probation Hearing Reports, File #176744 for
22   Phillip Eugene Sanders, for the following court dates:

23                    a) May 18, 2004
                      b) August 23, 2004
24                    c) September 13, 2004
                      d) September 28, 2004
25                    e) October 18, 2004
                      d) June 9, 2006
26                    e) August 2, 2006
                      f) November 14, 2006
27                    g) April 16, 2007
                      h) September 10, 2007
28

1       5. Superior Court of California, County of Fresno, Probation Report and

2  Recommendation for Revocation of Probation and Issuance of No-Bail Bench Warrant filed

3  October 12, 2006 in case number F02906572-3;

4       6. "Chrono Report" regarding Phillip Eugene Sanders, Probation File Number, 176744,

5  pages 2, 3, and 4 (entries beginning from 1/23/05 through and including 7/3/06);

6       7. E-mail to Gordon Dahlberg and Refugio Lopez, from Angie Mendez, dated Thursday,

7  December 1, 2005 9:33 AM, Subject : Law Enforcement Calls.  The only information to be

8  released in this e-mail is information relating to Plaintiff, Phillip Sanders.  All other information

9  related to any other individual contained in this e-mail shall be redacted;

10       8.  Letter from Refugio Lopez to Phillip Eugene Sanders dated January 31, 2006; and

11       9. One page containing five e-mails regarding the Plaintiff which includes one message

12  dated May 1, 2006, one message dated May 9, 2006, two messages dated May 10, 2006, and one

13  message dated May 12, 2006,  involving communication between Refugio Lopez, Tom

14  Charnock, Gordon Dalhber, Vicki Passmore;

15       10. Two pages containing six e-mails regarding Plaintiff which includes two messages

16  dated April 21, 2006, one message dated April 24, 2006, and three messages dated May 1, 2006,

17  involving communication between Tracy Meador, Vicki Passmore, Tom Charnock, Gordon

18  Dahlberg, and Refugio Lopez.

19       **IT IS FURTHER ORDERED** that the hearing regarding Defendant's Motion to Enforce

20  Subpoena currently set for August 8, 2008 at 9:30 am is VACATED, as this order renders that

21  motion moot.

22

23

24

25       IT IS SO ORDERED.

26       **Dated:   July 24, 2008**　　　　　　　**/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

27

28