1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS, | ) 1:06-cv-01264 OWW GSA |
| | ) |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION TO COMPEL |
| | ) IN PART |
| v. | ) |
| | ) |
| OFFICER RUIZ and OFFICER BISHOP | ) ORDER GRANTING MOTION FOR |
| OF THE FRESNO CITY POLICE | ) SANCTIONS IN PART |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) (Documents 68 and 72) |
| | ) |

## INTRODUCTION

On September 4, 2008, Defendants filed a Motion to Compel based on Plaintiff's failure to respond to Written Discovery.  On September 17, 2008, Defendants also filed a Motion for Sanctions based on Plaintiff's failure to attend depositions.  On September 17, 2008, this court granted Defendants' Ex Parte Application to Hear the Motions on Shortened Time.   The court ordered that Plaintiff file any opposition to the Motion by September 29, 2008, and that the parties file a Joint Statement by September 30, 2008. On September 29, 2008, Plaintiff filed an opposition to the motion.  On October 1, 2008, Defendants filed a Joint Statement. Plaintiff did not participate in the Joint Statement.

A hearing was held before the Honorable Gary S. Austin on October 3, 2008.  Erica Camarena was present on behalf of the Defendants.  Phillip Sanders appeared pro se.  Upon a

1

1  review of the documents filed in this case, as well as the arguments presented at the hearing,

2  Defendants' Motion to Compel and Defendants' Motion for Sanctions are both GRANTED IN

3  PART.

4  **RELEVANT PROCEDURAL HISTORY**

5  On November 16, 2007, Plaintiff filed an Amended Complaint entitled, "3rd Amended

6  Complaint and a More Definite Statement, Memorandum to the Court." (Hereinafter, " Amended

7  Complaint.") (Doc. 40). [1]   In this Amended Complaint, Plaintiff alleges that his Fourth

8  Amendment Rights were violated when Defendants Officer Ignacio Ruiz and Officer Mark

9  Bishop (hereinafter, "Defendants") arrested him without probable cause.  Specifically, he alleges

10  that on May 6, 2006, Officer Ruiz arrested him and unlawfully searched his car.  Plaintiff alleges

11  he remained in jail for three days from May 7, 2006 until May 9, 2006.

12  In the same Amended Complaint, Plaintiff alleges that Officer Mark Bishop arrested him

13  on December 3, 2005, without informing him his rights or stating the reason for the arrest.

14  Plaintiff also alleges Officer Bishop told him that he did not need an attorney.  Plaintiff alleges

15  he remained in jail for four days as a result of this arrest.  Plaintiff is requesting monetary and

16  punitive damages, attorney's fees, and costs for both causes of action.

17  On September 19, 2008, Plaintiff filed a Motion to Amend the Complaint to Add

18  Additional Defendants.  Defendants filed an opposition this motion on September 29, 2008.  This

19  motion is currently pending.

20  A.  *Written Discovery Requests*

21  On April 18, 2008, Defendants served Plaintiff with requests for interrogatories, requests

22  for admissions, and requests for production of documents.  See, Motion to Compel, Declaration

23  of Erica Camarena (hereinafter, "Camarena Declaration")  dated September 4, 2008  at pg. 1 and

24

25  _____

26  [1]  Although this document is entitled third amended complaint, this is Plaintiff's second amended complaint.  Plaintiff filed the first complaint in this action on September 14, 2006.  (Doc. 1).  The Court ordered that this complaint be dismissed with leave to amend.  (Doc. 4).  Plaintiff filed an amended complaint on October 10, 2006.  (Doc. 5).  The Defendants' filed a motion to Dismiss for Failure to State a Claim, or in the Alternative, a Motion for More Definitive Statement on June 19, 2007.  (Doc. 26).  The Court granted the Motion to Dismiss in part with leave to amend on August 15, 2007. (Doc. 31).  On November 16, 2007, Plaintiff filed the most recent amended complaint.  (Doc. 40).

27

28

1   Exhibits A1- A3. Plaintiffs responses were due on or about May 21, 2007.  On or about May 23,

2   2008, Defense counsel left a message on Plaintiff's telephone inquiring about the status of the

3   requests.  See, Camarena Declaration at pg. 1.  On July 8, 2008, Defense counsel sent a letter

4   again inquiring into the status of the request.  Camarena Declaration at pg. 2.  On July 23, 2008,

5   defense counsel was able to discuss the matter with the Plaintiff who indicated that he needed to

6   "sit down and review everything."  Id. Defense counsel contacted Plaintiff again on August 29,

7   2008 regarding the status of the request and was told by Plaintiff again that he needed to "sit

8   down and go over everything."  Id. As of the date of the filing of the Motion to Compel, no

9   responses to the requests were received and Plaintiff had not served his initial disclosures.

10         In opposition to the motion, Plaintiff contends that he did provide some documents to

11   Defendants on September 29, 2008.  Defendants confirmed that Plaintiff did drop off some

12   documents to them and also produced some additional documents on October 3, 2008, the day of

13   the hearing. However, Plaintiff still has not produced his initial disclosures.  It is also unclear

14   whether the documents Plaintiff produced sufficiently address Defendants' various requests.

15   B.    *Deposition of May 27, 2008*

16         On May 1, 2008, Defendants properly served Plaintiff with a Notice of his Deposition.

17   See, Defendants' Motion for Sanctions, Declaration of Juliette Sierra, Legal Secretary for

18   Defendants (hereinafter, "Sierra Declaration") dated September 17, 2008  at Exhibit A.  A few

19   days before the deposition, Ms. Sierra called Plaintiff to confirm his appearance at the deposition.

20   See, Sierra Declaration at pg. 1.  When Ms. Sierra called Plaintiff's cell phone,  a male answered.

21   Id. Ms. Sierra asked to speak with Mr. Sanders and the male responded that "he [i]s not in."  Id.

22   The man asked Ms. Sierra what the call was about and Ms. Sierra explained that she could only

23   speak with Mr. Sanders.  Id. Eventually, the male voice indicated that he was in fact Mr. Sanders.

24   Id. Plaintiff claimed that he did not receive the deposition notice.  Id. Ms. Sierra tried to confirm

25   the address the notice was sent to, however, Plaintiff refused to provide an address, stating that

26   "you have it on file."  Id. Ms. Sierra tried to set a new date for the deposition but Plaintiff

27   indicated that he would e-mail the attorney.  Id.  Plaintiff also indicated that he would contact

28   Ms. Sierra the following Tuesday with a new date. Id.  Mr. Sanders never contacted Ms. Sierra.

1   See, Sierra Declaration at pg. 2.

2   D.      *Deposition of September 8, 2008*

3          After receiving some discovery from the Fresno County Department of Probation,

4   Defendants properly noticed Plaintiff's Deposition for September 8, 2008. See, Sierra

5   Declaration at Exhibit C.  On September 5, 2008, a scheduling conference was held before the

6   Honorable Oliver W. Wanger.  Judge Wanger set the non-expert discovery deadline for October

7   6, 2008, and the dispositive and non-dispositive motion deadlines for November 3, 2008.  This

8   pretrial conference is scheduled for December 15, 2008, and the case is set for trial on February

9   20, 2009.

10         At the scheduling conference, Plaintiff indicated that he would be uncomfortable being

11   around Defendant officers during the deposition.  Defendants made arrangements with Judge

12   Wanger's staff to take the deposition at the federal courthouse.  On September 5, 2008, Plaintiff

13   contacted Defense counsel and informed her that he would not be available to appear at the

14   deposition because he had a "legal appointment."  See, Defendant's Motion for Sanctions,

15   Declaration of Erica Camarena, Counsel for Defendants (hereinafter, "Camarena Declaration")

16   dated September 17, 2008  at pg. 1. Plaintiff refused to provide Defense counsel with the

17   specifics of the appointment indicating that it was a "private matter" and that the obligation could

18   not be rescheduled. Id. Plaintiff requested that defense counsel e-mail him new dates for the

19   taking of the deposition.  Defendants cancelled the court reporter in time to avoid any

20   cancellation fees. See, Camarena Declaration at pg. 2.

21         C.      *Deposition on September 15, 2008*

22         On September 5, 2008, defense counsel called Plaintiff back on his cellular phone to

23   discuss the possibility of taking the deposition on September 15th or September 16th.  Id. Plaintiff

24   did not answer his phone.  Id. Defendant left a message that Plaintiff was to return her call by the

25   end of the day.  Plaintiff never responded to Defense counsel's telephone message.  Id. Plaintiff

26   also did not respond to e-mails sent by Defendants counsel on September 5th requesting that

27   Plaintiff contact her. Id.

28         On September 6, 2008, Defendants sent another e-mail to Plaintiff informing him that if

4

he did not reply to the aforementioned messages that the deposition would be set for September 15, 2008 at 11:00 am at the federal courthouse.  See, Camarena Declaration at pg. 2 and  Exhibit A.  Plaintiff was advised by defense counsel that if Plaintiff did not appear for the deposition that she would be filing a motion for sanctions.

On September 8, 2008, Defendants served Plaintiff with a Re-Notice of the taking of his deposition on September 15, 2008 at 11:00 am at the federal courthouse.  Defendants appeared with counsel at the courthouse with the court reporter.  Id.  Plaintiff never appeared despite being called by Defendants. Defendants were charged $157.20 for the court reporter's costs. Id.

Plaintiff did not address his failure to appear at the depositions in his written opposition to the Defendants' motion. At the hearing, Plaintiff explained that his failures to appear at the depositions were due to the fact that he has several cases pending and he gets confused regarding his obligations in each case.

**Remedies requested:**

In the Motion to Compel filed on September 4, 2008, Defendants request the following remedies:

1.      An order compelling Plaintiff produce his initial disclosures, to respond to Defendants' Request for admissions, Request for Production of Documents and Request for Interrogatories; and

2.      Monetary sanctions requiring Plaintiff to pay reasonable expenses incurred in bringing the Motion to Compel in the amount of $720.00 for the time spent preparing the letters, preparing the Motion to Compel, attending the hearing, and conferring with Plaintiff; and

In the Motion for Sanctions filed on September 17, 2008, Defendants request the following :

1.      Dismissal of the action as Plaintiff should be precluded from testifying at trial;

2.      Striking Plaintiff's pleadings in whole;

3.      Plaintiff should be prevented from introducing any matters whatsoever into evidence regarding his Fourth Amendment claim;

4.    Monetary sanctions requiring Plaintiff to pay reasonable expenses incurred as a result of the deposition costs totaling $157.20, as well as costs for preparing and filing of the Motion for Sanctions in the amount of $1,120.00

## ANALYSIS & DISCUSSION

### Scope Of Discovery

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Plaintiff was served various forms of written discovery which are authorized by the Federal Code of Civil Procedure.  Plaintiff has not produced his initial disclosures.  Defendants received late responses to its written discovery requests and it is unclear whether the documents and responses supplied address the requests.  Furthermore, Plaintiff failed to appear for three properly noticed depositions.

### Discovery Sanctions

**A.  Failure to Respond Sanctions**

If a *party* fails to appear for deposition or respond to discovery, sanctions may be

1   imposed even in the absence of a prior court order.  Fed.R.Civ. P 37(d) "If a party or an officer,

2   director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to

3   testify on behalf of a party fails (1) to appear before the officer who is to take the deposition,

4   after being served with a proper notice, or (2) to serve answers or objections to interrogatories

5   submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written

6   response to a request for inspection submitted under Rule 34, after proper service of the request,

7   the court in which the action is pending on motion may make such orders in regard to the failure

8   as are just . . ."  Thus, sanctions may be awarded that are "just."  Fed.R.Civ.P. 37(d) continues:

9   "The failure to act described in this subdivision may not be excused on the ground that the

10  discovery sought is objectionable unless the party failing to act has a pending motion for a

11  protective order as provided by Rule 26 (c)."

12          For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take

13  action including:

14          1.      Designate facts as established;

15          2.      Refuse to allow the disobedient party to support or oppose designated claims;

16          3.      Prohibit the disobedient party from introducing designated matters in evidence;

17          4.      Strike out pleadings or parts thereof;

18          5.      Stay further proceedings until an order is obeyed;

19          6.      Dismiss an action, proceeding or any part thereof; or

20          7.      Render judgment by default against the disobedient party.

21  Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A) through (C).

22  Moreover, in lieu of any such order, or in addition thereto, the Court "shall require the party

23  failing to act or the attorney advising that party or both to pay the reasonable expenses including

24  attorney's fees, caused by the failure unless the Court finds that the failure was substantially

25  justified or the other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d).  An

26  award of expenses does not require a showing of wilfulness or improper intent; rather the

27  standard is whether there was a substantial justification for the losing party's conduct. Id. Even

28  without a prior discovery order, discovery misconduct may be punished under the Court's

1    "inherent powers" to manage its affairs. *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.,*

2    *982 F.2d 363, 368 (9th Cir. 1992)*

3        **C. Sanctions are warranted**

4        Sanctions are warranted in this case due to Plaintiff's failure to comply with his discovery

5    obligations.  Here, Plaintiff failed to respond to the interrogatories, document production

6    requests, and requests for admissions in a timely manner.  It is also unclear if the recently

7    produced items are complete.  Furthermore, Plaintiff failed to appear for three properly noticed

8    depositions.  Plaintiff has shown a disregard for the discovery process as evidenced by the fact

9    that he has failed to respond to Defendants repeated attempts to resolve the discovery dispute.

10    Plaintiff did not file any objections to the discovery and he did not complete a Joint Statement

11    pursuant to this court's order.

12        Accordingly, the Court finds that Plaintiff has, without substantial justification, failed to

13    respond to discovery within the time permitted.  However, since this is the first Motion to

14    Compel pending before the court, and Plaintiff is pro se, Plaintiff will be given one more

15    opportunity to comply with the discovery requests.  Defendants' motions are therefore

16    GRANTED IN PART as outlined below.  **Plaintiff is advised that failure to comply with this**

17    **order may result in the imposition of additional sanctions, including but not limited to**

18    **contempt, the exclusion of evidence at trial, and/or dismissal of this case.**

19                            **CONCLUSION**

20        The court GRANTS the Defendants' motions as follows:

21        1.    Defendants' Motion to Compel filed on September 4, 2008 is GRANTED IN

22              PART as outlined below;

23        2.    Defendants' Motion for Sanctions filed on September 17, 2008 is GRANTED IN

24              PART as outlined below;

25        3.    Plaintiff is ordered to appear for the taking of his depositions no later than

26              **October 15, 2008**, at the federal courthouse.  Defendants shall serve Plaintiff with

27              a Deposition Notice outlining the date, time and location of the deposition;

28

4.      Plaintiff is ordered to produce his all of this initial disclosures, and respond to any remaining requests for admissions,  requests for production of documents, and requests for interrogatories without objection no later than **October 15, 2008**;

5.      Plaintiff shall pay Defendants a total of $457.00 including $300.00 in sanctions to partially cover the costs of bringing the instant motions, as well as $157.00 to cover the deposition costs incurred on September 15, 2008.  Plaintiff shall pay Defendants in $50.00 installments beginning October 15, 2008.  Future $50.00 installments shall be due on the fifteenth (15th) of every month thereafter until paid;

6.      Defendants shall file a written status report no later than October 17, 2008 to give the court an update regarding whether Plaintiff has complied with the court's order;

7.      Plaintiff is advised that failure to comply with this order may result in the imposition of additional sanctions, including, but not limited to, contempt, the exclusion of evidence at trial,  and/or dismissal of this case; and

8.      In light of the above, the hearing set for Plaintiff's Motion for Leave to File an Amended Complaint currently scheduled for October 17, 2008 at 9:30 is VACATED.  The new hearing date for this motion will be held on October 31, 2008 at 9:30 am.

 IT IS SO ORDERED.

**Dated:   October 7, 2008**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE