# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER RUIZ and OFFICER BISHOP OF THE FRESNO CITY POLICE DEPARTMENT,<br><br>　　　　　　Defendants. | 1:06-cv-01264 OWW GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD DEFENDANTS<br><br>(Document 74) |

## I. INTRODUCTION

On September 19, 2008, Plaintiff filed a document entitled "Motion to Add Defendants and for Leave to File a Fourth Amended Complaint." (Doc. 74). The Court construes this filing as a motion for Leave to File a Third Amended Complaint.[1] Defendants filed an opposition on to the motion on September 29, 2008. (Doc. 80). Plaintiff did not file a Reply. The court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion.

## II. PROCEDURAL HISTORY

Plaintiff filed the initial Complaint in this action on September 14, 2006 and named the

---

[1] As outlined in more detail below, Plaintiff has filed two amended complaints. Thus, currently before the court is Plaintiff's Second Amended Complaint. If leave to amend were granted, Plaintiff would file a third rather than a fourth amended complaint.

1

Fresno City Police Department as a Defendant. (Doc. 1). On September 26, 2006, the court screened Plaintiff's Complaint noting several deficiencies in the pleadings. The court outlined the appropriate law and pleading standards and gave Plaintiff leave to amend his Complaint. (Doc. 4).

On October 10, 2006, Plaintiff filed his First Amended Complaint (Hereinafter, "FAC") naming Officer Bishop and Officer Ruiz of the Fresno City Police Department as Defendants (Hereinafter, "Defendants"). (Doc. 5). The FAC was not served on Defendants. On March 14, 2007, a scheduling conference was held and Plaintiff was directed to resubmit the necessary documents so that the Marshals could serve Defendants. (Doc. 14). On March 16, 2007, Plaintiff filed a Motion to Add the Fresno City Police Department as a Defendant. (Doc. 15). This motion was denied by Magistrate Judge William W. Wunderlich on April 2, 2007. (Doc 16).

In May 2007, Defendants waived service of the Summons and Complaint. Defendants filed a Motion to Dismiss for Failure to State a Claim on June 19, 2007. (Doc. 26). A hearing on the motion was held on August 6, 2007. (Doc. 30). Plaintiff did not file an opposition to the motion, nor did he attend the hearing. (Doc. 31). On August 15, 2007, the court granted Defendant's Motion to Dismiss in part and ordered that Plaintiff file a Second Amended Complaint (Hereinafter, "SAC") within ten days. (Doc. 31). Plaintiff filed an objection to the Motion to Dismiss on August 16, 2007. (Doc. 32). Plaintiff did not timely file the SAC as directed by the court. On October 15, 2007, the court issued a notice of hearing for dismissal for lack of prosecution to be held on November 19, 2007. (Doc. 36).

On November 16, 2007, Plaintiff filed the SAC. (Doc. 40). In the SAC, Plaintiff alleges that his Fourth Amendment Rights were violated when Defendants Officer Ignacio Ruiz and Officer Mark Bishop arrested him without probable cause. Specifically, he alleges that on May 6, 2006, Officer Ruiz arrested him and unlawfully searched his car. Plaintiff alleges he remained in jail for three days from May 7, 2006, until May 9, 2006. In the SAC, Plaintiff also alleges that Officer Mark Bishop arrested him on December 3, 2005, without informing him his rights or stating the reason for the arrest. Plaintiff also alleges Officer Bishop told him that he did not need an attorney. Plaintiff alleges he remained in jail for four days. Plaintiff is requesting

1  monetary and punitive damages, attorney's fees, and costs for both causes of action.

2  Defendants answered the SAC on November 30, 2007. (Doc. 41).  On January 9, 2008,
3  Plaintiff filed a motion to add the City of Fresno as a Defendant. (Doc. 43).  This motion was
4  denied by this court on February 13, 2008.  (Doc. 44).

5  The first scheduling conference was held on March 20, 2008 and Rule 26 deadlines were
6  set. (Doc. 49).  The parties informed the court that no additional amendments were contemplated
7  at that time.  Discovery was to be completed by July 1, 2008. The trial date was set for November
8  25, 2008. (Doc. 49).   The July 1, 2008 discovery deadline was not met due to difficulties
9  obtaining records from the Fresno County Probation Office. (Docs. 51-61).    On September 5,
10 2008, another scheduling conference was held because Plaintiff refused to stipulate to an
11 extension of the discovery deadlines, and because Plaintiff was not complying with Defendants'
12 discovery requests. (Docs. 64 and 66).  On September 5, 2008, the district court extended the
13 discovery deadline until October 6, 2008, and rescheduled the trial to February 10, 2009. (Doc.
14 70).

15 On September 4, 2008, Defendants filed a Motion to Compel based on Plaintiff's failure
16 to respond to Written Discovery. (Doc. 68).  On September 17, 2008, Defendants also filed a
17 Motion for Sanctions based on Plaintiff's failure to attend three depositions. (Doc. 72).  On
18 September 19, 2008, Plaintiff filed the instant Motion to Amend the Complaint to Add
19 Additional Defendants. (Doc. 74).

20 The October 3, 2008, this court issued an order granting Defendants' Motion to Compel
21 and Motion for Sanctions in part.(Doc. 86).  The order required that Plaintiff : 1)  attend his
22 deposition, 2) produce initial disclosures, 3) reply to written discovery requests, and 4) to pay
23 Defendants $457, which were to be made in $50 monthly installments beginning October 15,
24 2008.  Plaintiff was ordered to comply with the above no later than October 15, 2008.   Plaintiff's
25 Motion to Add Additional Defendants was postponed to determine whether Plaintiff complied
26 with this court's order.  On October 22, 2008, Defendants filed a status report indicating Plaintiff
27 had complied.  (Doc. 91).

28 In support of the Plaintiff's Motion to Add Additional Defendants, Plaintiff has filed a

3

Memorandum of Points and Authorities, as well as a declaration. (Docs. 75 and 76). Defendants filed an opposition to the motion on September 29, 2008. Plaintiff has not filed a reply.

### III.  ANALYSIS

Plaintiff's motion is very short and very difficult to understand. The memorandum and points and authorities, as well as the supporting declaration are each less than one page in length. Attached to these documents are police reports that Plaintiff received from Defendants on or about August 6, 2008, in response to Plaintiff's discovery requests.

Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure requires that a motion state with particularity the grounds for seeking an order. Plaintiff's motion fails to state any grounds or legal authority to support his motion. In fact, Plaintiff's motion does not even clearly identify which defendants he is seeking to add, nor does Plaintiff attach a proposed Third Amended Complaint clearly outlining the causes of action for the proposed defendants.

Although it is difficult to discern, it appears Plaintiff seeks to add several defendants on the basis that they were all members of the Southwest District Crime Suppression Team on the dates that he was arrested. Specifically, Plaintiff is requesting Officer B. Navarra #1257 be added because Officer Navarra was Defendant Ruiz' partner on May 6, 2006 when Officer Ruiz allegedly illegally arrested Plaintiff. Plaintiff also seeks to add Supervisor Robert Beckwith S# 145 on the basis that Officer Beckwith was Officer Ruiz's supervisor on the date of this arrest. Similarly, it appears that Plaintiff seeks to add Officer Christopher Aranas because he was Defendant Bishop's partner on December 3, 2005 when Officer Bishop allegedly unlawfully arrested Plaintiff. Plaintiff seeks to add Macias Daniel because he was Officer Bishop's lead supervisor on the date of the 2005 incident.

*A.  Applicable Standard*

A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); *Bonn v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). On November 31, 2007, Defendants filed

an Answer to Plaintiff's most recent amended complaint. (Doc. 41). Thus, Plaintiff must obtain leave of the court in order to amend the SAC. Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."

Once the district court has filed a pretrial scheduling order pursuant to Federal R. Civ. Proc. 16, which establishes a timetable for amending the pleadings, Rule 16 standards control. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Accordingly, when a scheduling order sets a deadline for amending pleadings, and the deadline has passed, the liberal policy regarding the amendment of pleadings pursuant to Rule 15 does not apply.

In this case, the district court issued its first scheduling order on March 21, 2008, which stated, "[t]he parties do not presently contemplate amending the pleadings." (Doc. 49). The district court held another scheduling conference on September 5, 2008, just prior to Plaintiff filing the instant motion. The court set new discovery dates and motions deadlines, as well as rescheduled the case for trial. (Doc. 70). It appears that Plaintiff did not inform the judge that he intended to amend the pleadings. Since two scheduling conferences have been held, the liberal policy of Rule 15 does not apply and the applicable standard of Rule 16 controls.

### B. Fed. R. Civ. Proc. 16

Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of "good cause." The inquiry focuses on the "reasonable diligence of the moving party." *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.*

In this case, the scheduling conference order would need to be amended if Plaintiff's motion were granted since discovery ended on October 6, 2008, and the trial in this case is set for February 10, 2009. Here, Plaintiff has not demonstrated good cause, nor has he shown reasonable diligence. Plaintiff's motion is defective and he has already been given numerous opportunities to file amended pleadings as outlined below.

Plaintiff filed the first complaint over two years ago on September 14, 2006. (Doc. 1). Plaintiff was permitted to amend the complaint on two different occasions. At those times, the court supplied Plaintiff with a summary of the relevant law, as well as the pleading standards. (Docs. 4, 5, 31, and 40). Plaintiff was most recently allowed to file the SAC in November 2007, even after Defendants filed a Motion to Dismiss and Plaintiff did not oppose the motion or attend the hearing (Doc. 31). The court generously permitted the Plaintiff to file the SAC over two months past the court's deadline.[2]

Since that time, the district court has moved deadlines in this case which were in part due to Plaintiff's unwillingness to cooperate with Defendant's requests for stipulations regarding scheduling. The most recent change in the scheduling conference order was made on September 5, 2008, after Plaintiff failed to comply with Defendant's discovery requests including his failure to appear at three properly noticed depositions. None of Plaintiff's actions demonstrate reasonable diligence.

Similarly, Plaintiff has not established good cause. The basis for Plaintiff's motion is that he recently obtained police reports from the Defendants. The proof of service on the discovery indicates that Defendants sent the police reports to Plaintiff on or about August 6, 2008. However, Plaintiff waited approximately six weeks before filing the instant motion on September 19, 2008. He has not addressed the good cause requirement in his motion, nor has he explained why he waited such a lengthy period of time to file the motion when the discovery deadline expired on October 6, 2008. Thus, Plaintiff should not be permitted to amend the pleadings under the Rule 16 standards.

C. Fed. R. Civ. Pro. 15

Even applying the liberal policy of Rule 15, Plaintiff's motion should be denied. Granting leave to amend should be applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). When considering a motion for leave to amend, the Ninth Circuit has summarized the factors for the court to consider as follows:

---

[2] Plaintiff has also filed two additional motions to amend the complaint on March 16, 2007 and November 30, 2007, respectively. Both motions were denied. (Docs. 15, 16, 43, and 44)

6

(1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). However, not all factors merit equal weight. *Eminence Capital, LLC, v. Aspeon*, 316 F. 3d at 1052. It is the consideration of prejudice that carries the greatest weight. *Id.* Moreover, despite the policy favoring amendment under Rule 15, where the court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

        1.       <u>Undue Delay</u>

Whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading is relevant to evaluating the delay issue. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court did not abuse its discretion in denying a motion to amend based on undue delay where facts were available to a plaintiff before previous amendments to the complaint). Given that this is a case alleging an unlawful arrest, Plaintiff should have known if there were additional officers present or in some way involved in his arrest, yet none of the three previously filed complaints reference any John Does or any of the proposed defendants. If additional persons were present, Defendant had over two years to identify them and add them to the previously amended complaints. Additionally, it is noted that Plaintiff has filed a separate and unrelated lawsuit against Officer Christopher Aranas, one of the proposed defendants.[3] It would appear that Plaintiff is familiar with this proposed defendant and if Officer Aranas was involved in Plaintiff's arrest, Plaintiff could have easily identified him.

Undue delay alone, however, is insufficient to justify denying a motion to amend under Rule 15. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (court must provide a contemporaneous specific finding of bad faith by the moving party, prejudice to the opposing party, or futility of amendment). Accordingly, the remaining factors will be considered under Rule 15.

---

[3] The case was filed in the United States District Court, Eastern District of California, Fresno. The case number is <u>Phillip Sanders v. Christopher Aranas</u>, Case No. 1:06-cv-1575 AWI-SMS.

7

2.  <u>Bad Faith</u>

Plaintiff's motion to amend does not appear to be made in bad faith or for dilatory motive.

3.  <u>Prejudice</u>

Where a motion to amend is brought shortly before the close of discovery and allowing the motion would require the re-opening of discovery, the motion may properly be denied for prejudice to defendant and for delaying proceedings. *See*, *e.g.*, *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (court did not abuse its discretion in denying motion to amend on grounds of undue delay and prejudice where motion made on the "eve of the discovery deadline" would have required re-opening discovery, thus delaying proceedings).

Here, Plaintiff delayed bringing the instant motion until shortly before the close of discovery. The trial in this matter has already been moved from November 2008 until February 2009. To allow Plaintiff an opportunity to amend his complaint to allege facts that he could have alleged in the three previous complaints would be highly prejudicial to the officers. The trial would need to be delayed again and the officers would have to respond to allegations that occurred nearly two years ago simply because Plaintiff did not properly plead his case. Therefore, granting Plaintiff's motion would prejudice the proposed defendants and delay proceedings.

4.  <u>Futility of Amendment</u>

A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988). Plaintiff's motion fails to demonstrate that the amendment would not be futile.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See*

8

1  *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362
2  (1976). "A person deprives another of a constitutional right, where that person 'does an
3  affirmative act, participates in another's affirmative acts, or omits to perform an act which [that
4  person] is legally required to do that causes the deprivation of which the complaint is made.'"
5  *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740,
6  743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some
7  kind of direct, personal participation in the deprivation, but also by setting in motion a series of
8  acts by others which the actor knows or reasonably should know would cause others to inflict the
9  constitutional injury.'" *Id.* (quoting *Johnson* at 743-44). Because Plaintiff has failed to link any
10 of the proposed Defendants with some affirmative act or omission, Plaintiff's motion is defective
11 and granting the motion to amend would be futile.
12        Similarly, supervisory personnel are generally not liable under section 1983 for the
13 actions of their employees under a theory of *respondeat superior* and, therefore, when a named
14 defendant holds a supervisorial position, the causal link between him and the claimed
15 constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862
16 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S.
17 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory
18 liability, plaintiff must allege some facts that would support a claim that supervisory defendants
19 either: personally participated in the alleged deprivation of constitutional rights; knew of the
20 violations and failed to act to prevent them; or promulgated or "implemented a policy so
21 deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force
22 of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal
23 citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not outlined
24 any facts indicating that the proposed supervisory defendants personally participated in the
25 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent
26 them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
27 of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v.*
28 *Black,* at 885 at 646. As such, the motion to amend the pleading is deficient and granting the

motion under these circumstances would be futile.

### IV. CONCLUSION

The court is cognizant of the fact that courts must construe pro se filings liberally and that Courts have a duty to ensure that pro se litigants do not lose their right to a hearing on their claim due to ignorance of technical procedural requirements. *Balisteri v. Pacifica Police Department,* 901 F. 2d 696, 699 (9th Cir. 1990); *Borzeka v. Heckler,* 739 F. 2d 444, 447 n. 2 (9th Cir. 1984). However, in this case, Plaintiff has already been allowed to amend the pleading twice. Permitting a third amendment would be too prejudicial to the proposed defendants. Further, Plaintiff has not articulated a legal basis for the amendment in the pleading. Based on the foregoing, Plaintiff's Motion for Leave to Amend the Complaint is DENIED.

IT IS SO ORDERED.

Dated:   **November 3, 2008**                        /s/ **Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE