1    Erica M. Camarena, Esq.   Bar No. 227981

2

3    THE LAW FIRM OF
     WEAKLEY, RATLIFF,
     ARENDT & McGUIRE, LLP
     1630 East Shaw Avenue, Suite 176

4      Fresno, California  93710

5      Telephone: (559) 221-5256
     Facsimile:  (559) 221-5262

6

7    Attorneys for Defendants, MARK BISHOP and IGNACIO RUIZ

8

9             IN THE UNITED STATES DISTRICT COURT FOR

10             THE EASTERN DISTRICT OF CALIFORNIA

11

12    PHILLIP SANDERS,            )   CASE NO. 1:06 CV 01264 OWW GSA
                           )

13          Plaintiff          )   **ORDER GRANTING DEFENDANTS'**
                           )   **MOTION TO SEVER CASE**

14       vs.                 )
                           )

15    OFFICER MARK BISHOP and IGNACIO   )   **Honorable Oliver W. Wanger**
   RUIZ,                   )

16          Defendants.       )
   _____ )

17

18       Plaintiff PHILLIP SANDERS is proceeding pro se and in forma pauperis in this civil

19    rights action filed against Fresno Police officers MARK BISHOP and IGNACIO RUIZ.

20       Plaintiff alleges in his Amended Complaint that he was arrested by Officer

21    BISHOP on December 3, 2005.  Officer BISHOP allegedly approached Plaintiff while he was at

22    a bus stop around 8:30 p.m. and asked Plaintiff if he was on probation, for which he responded

23    "yes".   Plaintiff further claims that BISHOP then searched and arrested Plaintiff without

24    informing him of the reason for his arrest.  (Doc. 40; Plaintiff's Third Amended complaint at

25    4:24-6:16.)

26       Plaintiff also alleges that almost six months later, on May 6, 2006, he was driving home

27    when he was pulled over by Officer RUIZ who asked Plaintiff if he was on probation.  Plaintiff

28    responded, "yes".  Officer RUIZ then ordered Plaintiff out of his car then searched him and the

_____
Proposed Order Granting Defendants' Motion to Sever Case

1   vehicle for drugs.  (Doc. 40; Plaintiff's Third Amended complaint at 2:100-14.)  Plaintiff was

2   arrested and never informed of the reason for his arrest.

3          Plaintiff concedes the two arrests are not related to each other as set forth in his response

4   to Defendants' Request for Interrogatories Set One, wherein Defendants requested,

5           "Please describe in detail how this incident against Officer MARK BISHOP on

6   December 3, 2005 is relevant to the incident against officer IGNACIO RUIZ on May 6, 2006."

7          Plaintiff's response, was that, "It's not".

8          During the hearing on this matter held on December 10, 2008, the Court asked Plaintiff

9   if he had any objection to Defendants' motion to sever the case.  Plaintiff responded by stating

10  "it is up to the Court" and "whatever is easier" [paraphrased].

11                                      **LEGAL ANALYSIS**

12         Provided no substantial right will be prejudiced thereby, particular parties or claims may

13  be severed from the action on the ground that their joinder is not proper under Rule 20; i.e. that

14  the right to relief asserted "does not arise out of or relate to the same transaction or occurrence"

15  or there is no "questions of law or fact common to all parties."  See Coughlin v. Rogers, 130

16  F.3d 1348 (9th Cir. 1997).  Even where joinder is proper, a severance may be ordered to prevent

17  delay or prejudice (See FRCP 20(b)).  Severance under FRCP Rule 21 creates two separate

18  actions or suits and will proceed as a discrete, independent action.

19         In light of the different facts giving rise to each of the two arrests by two different

20  officers, including the six month period of time lapse between the two arrests, there does not

21  appear to be any correlation between the two arrests to warrant having both officers be tried

22  together.

23         Therefore, Defendants' motion to sever the case is hereby GRANTED.

24         1)      The trial as to defendant IGNACIO RUIZ, shall proceed on February 10, 2009.

25         2)      The trial as to defendant MARK BISHOP, shall proceed on February 24, 2009.

26  **IT IS SO ORDERED.**

27      **Date: 12/15/2008**              **/s/ OLIVER  W. WANGER**
                                          **UNITED STATES DISTRICT COURT JUDGE**
28                                        **HONORABLE OLIVER W. WANGER**

---