UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICERS MARK BISHOP AND IGNACIO RUIZ,<br><br>        Defendants. | 1:06-cv-01264 OWW GSA<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DOC. 104) |

## I.  INTRODUCTION.

Plaintiff Phillip Sanders ("Sanders") brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging he was improperly searched and arrested without probable cause by Fresno Police Department ("FPD") officers in violation of his Fourth Amendment rights.  The allegations concern arrests of Plaintiff on November 30, 2005 by Defendant Officer Mark Bishop ("Bishop") and on May 6, 2006 by Defendant Officer Ignacio Ruiz ("Ruiz").

Before the court for decision is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.  Defendants contend Plaintiff has failed to comply with a court order requiring Plaintiff to pay sanctions

1

and costs for his failure to appear for depositions and timely respond to discovery. Plaintiff opposes the motion, requesting postponement of the sanctions payments due to hardship.

## II. BACKGROUND.

On September 14, 2006, Plaintiff filed his complaint alleging Officers Bishop and Ruiz violated his Fourth Amendment rights by unlawfully searching and arresting him without probable cause. (Doc. 1.) Defendants filed a motion for summary judgment on November 3, 2008, contending that Plaintiff's probation search condition waived his Fourth Amendment rights, Defendant Officers had probable cause to search and arrest Plaintiff, and Defendant Officers were entitled to qualified immunity. (Doc. 98.) On the same day, Defendants filed a motion to sever the action, arguing the two arrest incidents were unrelated and involved different parties. (Doc. 99.) On December 17, 2008, the motion to sever was granted and separate trial dates were set as to each Defendant. (Doc. 116.) On December 29, Defendants' motion for summary judgment was granted with respect to Plaintiff's unlawful search claims and denied with respect to Plaintiff's false arrest claims. (Doc. 120.)

On October 7, 2008, U.S. Magistrate Judge Gary S. Austin granted Defendants' motion to compel and motion for sanctions for Plaintiff's failure to respond to written discovery and failure to attend three properly noticed depositions. (Doc. 86.) The order stated: "Plaintiff is advised that failure to comply with this order may result in the imposition of additional sanctions, including but not limited to contempt, the exclusion of evidence

2

at trial, and/or dismissal of this case." (Doc. 86 at 8.) Plaintiff was ordered to pay Defendants a total of $457 to cover the costs of bringing the motions as well as deposition costs, to be paid in $50 installments on the 15th of each month beginning October 15, 2008. Plaintiff paid the first installment on October 15. Plaintiff failed to pay his second and third installments on November 15 and December 15, respectively. In the same order, Plaintiff was also directed to appear for deposition no later than October 15 and produce all initial disclosures and respond to written discovery by the same date. Plaintiff has complied with these additional directives.

At the hearing on Defendants' motion for summary judgment on December 10, the court asked Defendant if he would be able to pay the upcoming December 15 installment payment and the overdue November 15th payment and Defendant responded that he would make the payments.

### III. DISCUSSION.

Federal Rule of Civil Procedure 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Ninth Circuit has repeatedly upheld the sanction of dismissal of an action for failure to comply with court orders. *Buss v. Western Airlines, Inc.*, 738 F.2d 1053 (9th Cir. 1984); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328 (9th Cir. 1981). However, dismissal "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles*, 782

3

F.2d 829, 831 (9th Cir. 1986).

A district court must weigh five factors in considering such a dismissal: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits and 5) the availability of less drastic sanctions." *Id*. The Ninth Circuit affirms dismissal where at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

The first dismissal factor is neutral in this case. Plaintiff's failure to timely pay sanctions to Defendants has not interrupted the trial schedule or caused any delay in the litigation. Moreover, the trial dates are forthcoming in February so the case is nearing resolution. The second factor is similarly neutral in that the court's docket is largely unaffected by the delay, except to the extent that it must now address the dismissal motion brought because of Plaintiff's delay.

The third factor is in Defendants' favor, as they have properly sought and been granted remedies for Plaintiff's non-responsiveness to discovery requests and deposition notices. However, Plaintiff has since complied with the Magistrate Judge's order to appear for deposition and submit responses to written discovery and his only non-compliance is with the sanctions payment schedule. Had Plaintiff failed to appear for deposition or respond to discovery as ordered, the prejudice to Defendants would be greater. At this point, the prejudice is only a payment

4

delay and does not substantively delay Defendants' ability to prepare for trial.  *See Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) ("In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."); *Buss*, 738 F.2d at 1054 (affirming dismissal where plaintiff's failure to comply with court orders delayed the preparation of the case for trial).

The public policy factor favors disposition of the case on the merits, which "is particularly important in civil rights cases." *Hernandez*, 138 F.3d at 399.  Thus, the fourth factor is in Plaintiff's favor.  As for the last factor, a less drastic sanction is available.  Defendant is warned that he must pay the overdue sanctions immediately.

### IV. CONCLUSION.

A review of all five dismissal factors does not reveal four factors that support dismissal or three factors that "strongly" support dismissal for Plaintiff's failure to timely pay court-ordered sanctions.  Accordingly, Defendants' motion to dismiss is DENIED.  Defendant offered to and shall pay the sanctions on January 5, 2009.

IT IS SO ORDERED.

Dated:   January 27, 2009              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE