1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>        Plaintiff,<br><br>        v.<br><br>OFFICER IGNACIO RUIZ,<br><br>        Defendant. | 1:06-cv-01264 OWW GSA<br><br>ORDER DENYING DEFENDANT RUIZ'S MOTION FOR RECONSIDERATION (DOC. 127) |

I. <u>INTRODUCTION</u>.

Plaintiff Phillip Sanders ("Sanders") brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging he was improperly searched and arrested without probable cause by Fresno Police Department ("FPD") officers in violation of his Fourth Amendment rights.  The allegations concern arrests of Plaintiff on November 30, 2005 by Defendant Officer Mark Bishop ("Bishop") and on May 6, 2006 by Defendant Officer Ignacio Ruiz ("Ruiz").

Before the court for decision is Defendant Ruiz's motion for reconsideration of the court's denial of Defendants' motion for summary judgment as to Plaintiff's false arrest claim.  Defendant Ruiz moves for reconsideration pursuant to Fed. R. Civ. P. 59(e),

1

asking the court to reconsider its decision in light of deposition testimony submitted by Defendant prior to the summary judgment ruling.  Specifically, Defendant states the December 29 order "does not mention or address the references to Plaintiff's deposition testimony which were included in Defendant's supplemental brief.  Defendant's do not know whether the Court considered the contents of the supplemental brief in making its ruling."  (Doc. 127 at 2.)  Defendant contends the deposition testimony establishes that Plaintiff exhibited objective symptoms of being under the influence of a controlled substance at the time Ruiz arrested him, evidencing he is entitled to qualified immunity.

## II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>.

On September 14, 2006, Plaintiff filed his complaint alleging Officers Bishop and Ruiz violated his Fourth Amendment rights by unlawfully searching and arresting him without probable cause.  (Doc. 1.)  Defendants filed a motion for summary judgment on November 3, 2008, contending that Plaintiff's probation search condition waived his Fourth Amendment rights, Defendant Officers had probable cause to search and arrest Plaintiff, and Defendant Officers were entitled to qualified immunity.  (Doc. 98.)  On the same day, Defendants filed a motion to sever the action, arguing the two arrest incidents were unrelated and involved different parties.  (Doc. 99.)  On December 17, 2008, the motion to sever was granted and separate trial dates were set as to each Defendant.  (Doc. 116.)  On December 29, Defendants' motion for summary judgment was granted with respect to Plaintiff's unlawful

2

search claims and denied with respect to Plaintiff's false arrest claims.  (Doc. 120.)

On November 11, 2008, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with a court order.  On October 7, 2008, U.S. Magistrate Judge Gary S. Austin granted Defendants' motion to compel and motion for sanctions for Plaintiff's failure to respond to written discovery and failure to attend three properly noticed depositions.  Plaintiff was ordered to pay Defendants $457 to be paid in $50 installments on the 15th of each month until paid in full.  Plaintiff paid the amount due on October 15, but failed to pay the installments due on November 15 and December 15.  The motion to dismiss was denied and Plaintiff was ordered to pay the overdue sanctions immediately.  (Doc. 139.)

The background facts of this lawsuit are set forth in prior rulings.  Accordingly, only pertinent facts are repeated and/or described here for the purposes of evaluating Defendant's motion for reconsideration.  With respect to the November 30, 2005 arrest of Sanders by Ruiz, relying largely on the description of facts as set forth in Defendants' Separate Statement of Undisputed Material Facts ("DSSUMF"), the order on summary judgment stated:

> Defendant Officer Ruiz observed a vehicle parked in the driveway of 347 W. Almy Street, partially in the driveway and partially on the road, at about 10:47 p.m. during his normal duties.  (DSSUMF #30.)  The area is a high-gang activity and narcotic use area and the car appeared suspicious to Ruiz because the house was far back from the road.  (*Id.*)  Officer Ruiz put a spotlight on the car and noticed a person sitting inside.  He approached the car on the driver's side.  The driver was Phillip Sanders and Ruiz determined he was on probation.  (*Id.*)

Ruiz claims he observed the following symptoms in speaking with Sanders: dilated pupils, no pupillary reaction to light, eyelid tremors and involuntary muscle movements.  (DSSUMF #31.)  Ruiz states these symptoms are indicated when a person is under the influence of crack cocaine.  (*Id.*)  Ruiz contacted dispatch which relayed information that Sanders was on probation with a search and seizure condition and was subject to alcohol and narcotic testing.  (DSSUMF #32.) Ruiz maintains he believed Sanders was under the influence of a controlled substance, suspecting crack cocaine usage, and that he was in violation of his probation.  (DSSUMF #33.)

Ruiz arrested Plaintiff and contacted Plaintiff's female friend, who was in the house, to move Plaintiff's car instead of calling a tow truck to remove the car.  (DSSUMF ## 33 and 34.)  Defendants attach an FPD event report which lists dates and history Ruiz received when he ran Plaintiff's name with dispatch.  Defendants do not provide the police report containing information about the arrest.

Plaintiff denies he was under the influence of any substance and claims the officers fabricated the description of his condition.

(Doc. 120 at 8-9.)

Because Plaintiff filed a response to Defendants' reply brief in support of their summary judgment motion, at oral argument on December 10, 2008, Defendants were given an opportunity to respond by filing a supplemental brief.  In their supplemental brief, Defendants submitted the following excerpts from Plaintiff's deposition testimony:

Q. You've had a chance to review Officer Ruiz's police report; is that right?

A. Yes, I believe I have.

Q. Did you read how he wrote that you displayed objective symptoms of being under the influence of a controlled substance?

A. I believe that's in the report. Yes, I believe I

**4**

1    glanced at that.

2         Q. What were you doing as far as your interaction with
     Officer Ruiz? How were you conducting yourself that
3    would cause him to come to that conclusion?

4         A. I don't know. Probably because I was nervous. Like
     when I first came in, I was nervous today. I was
5    nervous to the point that my hands were almost shaking.
     My hands were sweaty. My palms are sweaty right now. As
6    far as conduct was concerned, I was nervous. I was kind
     of nervous and scared. So you know, I can understand
7    why he say, well, his actions were like — man, shoot.
     You know, I was nervous.

8

9    (Plaintiff's Deposition Transcript at 112:21-113:14.)

10

11        Another excerpt reads:

12        Q. Going back to Officer Ruiz's report, and as I
     indicated earlier that in his report he said that you
     displayed certain objective symptoms of being under the
13   influence. And you've now testified that it could have
     been because you were nervous, but specifically he
14   observed that you had dilated pupils. Is there any
     particular reason why you would have had dilated pupils
15   if you weren't under the influence at that time?

16        A. I don't really know. I don't really know how he
     really conducted, you know. I mean, the officer
17   flashing the light in my eye when I was in the back. He
     didn't stopwatch it or anything like that. It was just
18   like a real quick. And so I don't really understand how
     he could come up with the scenario of dilated pupils,
19   and I don't think he conducted any personal tests
     either, personally. I can't really understand what —-
20   the only thing I can really think of, shoot, I know I'm
     asthmatic and I was probably taking asmatics and pain
21   pills at that time.

22        Q. Why would you be taking pain pills?

23        A. I have a degenerative disk in my lower back.

24        Q. What kind of pain pills?

25        A. I don't know, probably 800 something, ibuprofen or I
     might have taken something strong to kind of relieve my
26   back pain.

27        Q. He also observed that you had eyelid tremors.

28        A. That probably was nervousness.

Q. Involuntary muscle movements.

A. Well, when you're nervous your hands – my hands even shake when I'm nervous, all of that.

(Plaintiff's Deposition Transcript at 114:23-116:3.)

### III. DISCUSSION.

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment within 10 days after entry of the judgment. A motion for reconsideration should not be granted, absent highly unusual circumstances, unless "the district court 1) is presented with newly discovered evidence, 2) committed clear error or the initial decision was manifestly unjust, or 3) if there is an intervening change in controlling law." *School District No. 1J, Multnomah County Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court's denial of a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is reviewed for an abuse of discretion. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1055 (9th Cir. 1997).

A motion for reconsideration "is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorius arguments." *Jackson v. Woodford*, No. 05cv0513-L(NLS), 2008 WL 2115121, at *1 (S.D. Cal. May 19, 2008). District courts "avoid considering Rule 59(e)

motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991).

In moving for reconsideration of the denial in part of Defendants' summary judgment motion, Defendant Ruiz does not introduce any new evidence or intervening changes in the law. As such, the only basis on which reconsideration could be granted is if the decision on summary judgment was in clear error or manifestly unjust. Defendant asks the court to reconsider its decision because the order does not mention or address the deposition testimony of Plaintiff submitted by Defendant and Defendant questions whether this testimony was considered. Defendant cites Plaintiff's deposition testimony for the proposition that Plaintiff admitted he exhibited objective symptoms of being "under the influence of a controlled substance," although Plaintiff did not make such an admission, rather, he described his physical reactions as nervousness. As a result, Defendant Ruiz argues he reasonably believed Plaintiff was under the influence of a controlled substance and is entitled to qualified immunity.

Defendant argues Plaintiff did not deny in his testimony that he exhibited such symptoms. Defendant further contends Plaintiff claimed he was nervous and possibly on medication for back pain. Defendant states: "If plaintiff was in fact admittedly nervous, such that he was shaking, sweaty, and had involuntary muscle movements; in addition to Officer Ruiz's

7

observations that Plaintiff had dilated pupils, it was reasonable for him to believe, that it was more probable than not, that Plaintiff was under the influence of a narcotic." (Doc. 142 at 2.)

In ruling on Defendants' motion for summary judgment, the court considered all the evidence submitted by the parties, the parties' briefing papers, and the oral arguments of the parties raised at the hearing.  Although the decision does not specifically repeat the deposition testimony Defendant excerpted, it was in fact considered.  Defendant did not furnish his arrest report.  Along with other evidence, the testimony itself establishes that genuine issues of material fact exist that preclude summary judgment.  In one line of questioning, Defendant's counsel asked, "Is there any particular reason why you would have had dilated pupils if you weren't under the influence at that time?"  Plaintiff replied: "I don't really know. I don't really know how he really conducted, you know. I mean, the officer flashing the light in my eye when I was in the back. He didn't stopwatch it or anything like that. It was just like a real quick. And so I don't really understand how he could come up with the scenario of dilated pupils, and I don't think he conducted any personal tests either, personally." (Plaintiff's Depo. Tr. at 115:7-14.)

In other testimony, Plaintiff testified he was nervous and possibly taking pain medication.  However, his responses to these deposition questions are equivocal and, in his opposition to this motion, he describes his response as follows: "I said I don't know, meaning I didn't know why officer thought that because I

**8**

wasn't high or getting high and I wasn't parked in driveway ether

last I disputed the remarks to set record straight and I forgot

to note officer ruiz never test me for dilated pupils to make

that conclusion...." (Doc. 138.) These amount to denials.

Further, as Defendant points out in his moving papers, "[a]t

the hearing on defendants' motion for summary judgment, Plaintiff

denied exhibiting objective symptoms of being under the influence

of an illegal substance at the time of his arrest by Officer

Ignacio Ruiz." (Doc. 127 at 2.) At the hearing, Plaintiff

denied exhibiting such symptoms and also alleged that both

Defendants fabricated their reports of the incidents. The

summary judgment order states:

> Officer Ruiz maintains that he observed symptoms of use of a controlled substance by Sanders such as dilated pupils, no pupillary reaction to light, eyelid tremors, and involuntary muscle movements. Sanders argues he exhibited no such symptoms. He asserts that the officers are lying and used his probation status to harass him and arrest him without probable cause. He maintains that he has two witnesses who will attest to this – Glenda Tony and Milesa Nutt.

(Doc. 120 at 16-17.) Plaintiff also disputes Officer Ruiz's

description of his initial contact with Plaintiff on May 6, 2006.

In his declaration in support of the motion for summary judgment,

Officer Ruiz stated he made contact with Plaintiff after

observing him sitting in his car, which was parked partially in

the driveway and partially on the road. (Doc. 98-8 at 2-3.)

Plaintiff denies the encounter with Officer Ruiz began in this

manner and claims instead that the officer followed him home and

turned the police car's lights on him as he pulled into the

driveway.

It is clearly established that an arrest without probable cause violates a person's Fourth Amendment rights. *Kennedy v. Los Angeles Police Department*, 901 F.2d 702, 706 (9th Cir. 1989). Probable cause exists when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002). Summary judgment based on qualified immunity should be denied if under the plaintiff's version of the facts, the officer could not reasonably believe his conduct was lawful. *Curnow By and Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

In *Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir. 1993), the Ninth Circuit stated:

> Where a Fourth Amendment violation is claimed, the factual issues that may preclude a determination of qualified immunity on summary judgment fall into two categories. First, a determination of reasonable suspicion or probable cause requires an inquiry as to the facts and circumstances within an officer's knowledge. These are matters of fact to be determined, where genuine disputes of a material nature exist, by the fact finder. Second, the determination of what conduct underlies the alleged violation-what the officer and claimant did or failed to do-is a determination of fact.

If Sanders's version of events is believed – that he did not exhibit any objective symptoms of being under the influence of a controlled substance - then Officer Ruiz could not reasonably believe the arrest of Sanders was lawful. If Sanders did not display symptoms of dilated pupils, eyelid tremors, or involuntary muscle movements, then Officer Ruiz would have no

**10**

basis to believe Sanders was committing or had committed a crime.

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:**   __February 2, 2009__                    _____**/s/ Oliver W. Wanger**_____
                                             UNITED STATES DISTRICT JUDGE

**11**