1  Erica M. Camarena, Esq.     Bar No. 227981
2  WEAKLEY, ARENDT & McGUIRE, LLP
   1630 East Shaw Avenue, Suite 176
3  Fresno, California  93710
   Telephone: (559) 221-5256
4  Facsimile:  (559) 221-5262

5  Attorneys for Defendant IGNACIO RUIZ

6

7              IN THE UNITED STATES DISTRICT COURT FOR

8                 THE EASTERN DISTRICT OF CALIFORNIA

9

10 PHILLIP SANDERS,                  ) CASE NO. 1:06 CV 01264 OWW GSA
                                     )
11         Plaintiff                 ) **ORDER ON MOTIONS IN LIMINE**
                                     )
12     vs.                           )
                                     ) Trial: February 10, 2009
13 OFFICER IGNACIO RUIZ,             )
                                     ) Honorable Oliver W. Wanger
14         Defendant.                )
                                     )
15 _____    )

16      Defendant, Ignacio Ruiz, hereby submits to the Court for its review and approval, a

17 Proposed Order on the parties' Motions in limine.

18 Respectfully submitted,

19 DATED: February 4, 2009

20                              WEAKLEY, ARENDT & McGUIRE, LLP

21                              By:    /s/ Erica M. Camarena

22                                     Erica M. Camarena

23
24
25
26
27
28

_____
Proposed Order on Motions in Limine

**ORDER**

Pursuant to the pretrial order, Defendant, Ignacio Ruiz ("Defendant") and Plaintiff Philip Sanders ("Plaintiff") have filed motions in limine with respect to liability and damages in this case. A hearing on these motions was held on Friday, January 30, 2009 at 12:00 p.m. before the Honorable Oliver W. Wanger.

The Court issues the following Order on the parties' motions:

**I.**

**DEFENDANT'S MOTIONS IN LIMINE**

A.   **MOTION IN LIMINE NO. 1**

**Evidence of Any Previous or Pending Lawsuit(s) of Any Testifying Officer.**

Plaintiff does not intend to introduce this type of evidence as no discovery on this subject matter was conducted.

This motion in limine is GRANTED.

B.   **MOTION IN LIMINE NO. 2**

**Evidence of Personnel Information And/or Records of Any Testifying Officer.**

Plaintiff does not intend to introduce this type of evidence as no discovery on this subject matter was conducted.

This motion in limine is GRANTED.

C.   **MOTION IN LIMINE NO. 3**

**Evidence of Defendant's Employer's (the City of Fresno) Liability Insurance.**

Plaintiff does not intend to introduce this type of evidence as no discovery on this subject matter was conducted. Further, "Evidence that a person was or was not insured against liability is not admissible upon the issues of whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411.

This motion in limine is GRANTED.

D.    **MOTION IN LIMINE NO. 4**

**Evidence Regarding Defendant's Indemnification by the City of Fresno.**

Plaintiff does not intend to introduce this type of evidence as no discovery on this

subject matter was conducted. Further, the Ninth Circuit has held that informing the jury in a 42 U.S.C. section 1983 civil right's claim that a police officer may be indemnified for damages by the City employing him is reversible error requiring a new trial on the measure of damages. Larez v. Holcomb 16 F.3d 1513, 1518-1521 (9th Cir.1994)

This motion in limine is GRANTED.

E.  **MOTION IN LIMINE NO. 5**

**Evidence that the search of plaintiff was unlawful.**

This Court has already ruled the search of plaintiff was a lawful, valid probation search. See, "Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment" at Court Docket No. 120, signed December 29, 2008. The parties are therefore precluded from arguing or offering any form of evidence that the search was unlawful.

This motion in limine is GRANTED.

F.  **MOTION IN LIMINE NO. 6**

**Inappropriate and Offensive Comments.**

This motion in limine is GRANTED and both parties are expected to conduct themselves in a respectful and professional manner.

G.  **MOTION IN LIMINE NO. 7**

**Evidence Regarding the Case Being Severed.**

The Court has severed this matter from the matter of Phillip Sanders v. Officer Mark Bishop because plaintiff conceded there is no relation between each of the two arrests. See, "Order Granting Defendants' Motion to Sever Case" at Court Docket No. 116, signed December 15, 2008.  Since the matter of Mark Bishop is not relevant to the issues in this case against Ignacio Ruiz, the Court finds this evidence inadmissible.

This motion in limine is GRANTED.

H.  **MOTION IN LIMINE NO. 8**

**Evidence of the Following Proposed Exhibits Offered by Plaintiff:**

  i.  **Declaration by Defense Counsel, Erica M. Camarena**

Plaintiff is not to show the jury any evidence or introduce any testimony regarding any

declarations prepared by Defense Counsel.

This motion in limine is GRANTED.

    ii.    **Motion for Reconsideration Filed by Plaintiff in the <u>Phillip Sanders v. Christopher Aranas</u> case [U.S.D.C. Case No. 1:06-CV-01574 AWI SMS].**

This motion in limine is GRANTED.  The parties are not allowed to show the jury any evidence or introduce any testimony regarding the civil action in re: <u>Phillip Sanders v. Christopher Aranas</u> [U.S.D.C. Case No. 1:06-CV-01574 AWI SMS].

    iii.    **Defendant's Scheduling Conference Report.**

This motion in limine is GRANTED.  The parties are not allowed to show the jury any evidence or introduce any testimony regarding the Scheduling Conference Report filed by Defendant.

    iv.    **Declaration of Ignacio Ruiz.**

This motion in limine is DENIED.  Plaintiff can use prior testimony such as Officer Ignacio Ruiz's declaration for cross examination and/or impeachment.

    v.    **Written Statement of Sheila Evans**

An unauthenticated, undeclared statement by a witness is inadmissible hearsay.  Plaintiff contends that Ms. Evans currently lives in Fresno, California and he has not shown that she is unavailable for trial.  Therefore, this statement shall be excluded.

This motion in limine is GRANTED.

**I.**    **MOTION IN LIMINE NO. 9**

**Evidence Regarding Plaintiff's Claimed Damages.**

Defendant seeks to prevent plaintiff from offering any evidence of his claimed damages as he has not proved any damages throughout discovery.  Plaintiff failed to provide defendant with any documentation or other evidence to support his claimed damages during discovery.  Plaintiff's Rule 26 Initial Disclosures also do not identify any documents in support of his claimed damages.

This motion in limine is conditionally GRANTED.  Plaintiff is allowed to testify as to those damages he testified in his deposition.  However, he is not allowed to introduce any

1  documents or witnesses to support his claimed damages.

2  **J.      MOTION IN LIMINE NO. 10**

3  **Evidence Regarding Claims or Allegations That Have Not Been Alleged.**

4  Plaintiff is limited to only asserting those claims he has alleged in his Third Amended Complaint, as set forth in the Pretrial Order. Absent a showing of manifest injustice, he is precluded from raising new claims or causes of action during the trial.

7  This motion in limine is GRANTED.

8  **K.      MOTION IN LIMINE NO. 11**

9  **Evidence or Witnesses Not Previously Disclosed During Discovery.**

10  Defendant seeks to exclude trial testimony by Sheila Evans because her contact information was never provided to defendant such that he was deprived of conducting discovery relating to her. Rule 26(a)(1)(A) provides that a party must, without awaiting a discovery request, provide to other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims. Plaintiff produced his Rule 26 Initial Disclosures on October 17, 2008, after the discovery cut off date. In addition, he did not include Sheila Evans' contact information.

17  Plaintiff also failed to provide her contact information in the Pretrial Conference Statement. Rule 26(a)(3) provides that "[i]n addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial ... the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present." These disclosures must be made at least 30 days prior to trial. In re First Alliance Mortg. Co. 471 F.3d 977, 1000 (9th Cir.2006). This Rule contemplates disclosure of address and telephone number so the other party can contact the witnesses, if appropriate. Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D.In.2000).

26  This motion in limine is conditionally DENIED. This Court orders plaintiff to produce Sheila Evans for a deposition to be taken before Friday, February 6, 2009. The deposition will be conducted at the Federal Courthouse. Defendant shall Notice the deposition for a time that is

1  convenient during business hours.  Plaintiff has provided the telephone number of Ms. Evans to
2  defense counsel.
3   Should Ms. Evans fail to appear for her deposition, the Court will reverse this order and
4  grant this motion.
5  **L**  **MOTION IN LIMINE NO. 12**
6  **Improper comments relating to damages (the "Golden Rule Argument")**
7  Defendants seek to preclude plaintiff from arguing that jurors should base a
8  damages award on the amount they themselves would charge in order to endure similar injuries,
9  i.e. putting the jurors in plaintiff's shoes. See, e.g,, <u>Lovett v. Union Pac. R.R.</u>, 201 F.3d 1074,
10 1083 (8th Cir. 2000).
11 This motion in limine is GRANTED
12 **M.**  **MOTION IN LIMINE NO. 13**
13 **Evidence Regarding Settlement Negotiations.**
14 Federal Rules of Evidence, Rule 408 prohibits a party from introducing any offers of
15 compromise.  Therefore, the parties are precluded from referencing any settlement negotiations
16 Defendant has offered in attempting to resolve this matter.
17 Accordingly, this motion in limine is GRANTED.
18 **II.**
19 **PLAINTIFF'S MOTIONS IN LIMINE**
20 The Court found plaintiff's motions in limine (filed as "Plaintiff['s] motion for limition
21 objection to exhibits and witness list" [Doc. 133]) to be confusing and argumentative.  It is
22 unclear which exhibits plaintiff is disputing.  For this reason, Defendant is ordered to send
23 plaintiff by electronic mail his Exhibit List with designated columns for plaintiff to manually
24 insert his objections thereto.  The parties can also confer on this matter during the Exhibit
25 Marking Conference in the <u>Phillip Sanders v. Mark Bishop</u> case scheduled on February 2, 2009.
26 The Court DENIES plaintiff's request to take the deposition of Officer Brent Navarro, as
27 discovery is closed and plaintiff has shown no good cause to reopen discovery at this juncture.
28 Plaintiff can, however, subpoena Officer Navarro to testify at trial.  Defendant provided plaintiff

with the updated contact information for Officer Navarro.

In accordance with the above, IT IS HEREBY ORDERED:

1. Defendant's motions in limine numbers 1 through 7, 10, 12, and 13 are GRANTED.
2. Defendant's motion in limine number 8 is GRANTED in part and DENIED in part as to the Declaration of Ignacio Ruiz, which can be used in cross examination.
3. Defendant's motion in limine number 9 is conditionally GRANTED.
4. Defendant's motions in limine number 11 is conditionally DENIED.
5. Plaintiff's motions in limine are vague and argumentative. Defendant is ordered to e-mail plaintiff defendant's Exhibit List chart no later than February 2, 2009 and plaintiff is ordered to set forth his objections into the chart.
6. Plaintiff's request to take Officer Brent Navarro's Deposition is DENIED.

IT IS SO ORDERED.

Dated:   February 4, 2009              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE