1  Erica M. Camarena, Esq.        Bar No. 227981

2  WEAKLEY, ARENDT & McGUIRE, LLP
            1630 East Shaw Avenue, Suite 176
3                Fresno, California   93710
                Telephone: (559) 221-5256
4               Facsimile:  (559) 221-5262

5  Attorneys for Defendant MARK BISHOP

6

7              **IN THE UNITED STATES DISTRICT COURT FOR**

8               **THE EASTERN DISTRICT OF CALIFORNIA**

9

   PHILLIP SANDERS,                     )   CASE NO. 1:06 CV 01264 OWW GSA
10                                       )
              Plaintiff                  )   **ORDER ON MOTIONS**
11                                       )   **IN LIMINE**
        vs.                              )
12                                       )
   OFFICER MARK BISHOP,                  )
13                                       )   Trial: February 27, 2009
              Defendant.                 )
14                                       )   Honorable Oliver W. Wanger
                                         )
15  _____     )

16

17         Defendant, Mark Bishop, hereby submits to the Court for its review and approval, a

   Proposed Order on the parties' Motions in Limine.
18
                                         Respectfully submitted,
19
   DATED: February 24, 2009.
20
                                         WEAKLEY, ARENDT & McGUIRE, LLP
21

22
                                  By:      /s/ Erica M. Camarena
23                                         Erica M. Camarena

24

25

26

27

28

   _____
   Phillip Sanders v. Mark Bishop,
   U.S.D.C. Case No. 1:06 cv 01264-OWW GSA (Severed Action)
   Proposed Order on Motions in Limine

1

## ORDER

2      Pursuant to the pretrial order, Defendant, Mark Bishop ("Defendant") and Plaintiff Phillip

3  Sanders ("Plaintiff") have filed motions in limine with respect to liability and damages in this case.

4  A hearing on these motions was held on Friday, February 20, 2009 at 9:30 a.m. before the

5  Honorable Oliver W. Wanger.  (Court Docket No. 181)

6      The Court issues the following Order on the parties' motions:

7  ## I.

8  ## DEFENDANT'S MOTIONS IN LIMINE

9  **A.**    **MOTION IN LIMINE NO. 1**

10      **Evidence of Any Previous or Pending Lawsuit(s) of Any Testifying Officer.**

11      No discovery on this subject matter was conducted.

12      In addition, Plaintiff is specifically precluded from referencing the unrelated civil lawsuit

13  he filed against witness, Fresno Police Officer Christopher Aranas (Phillip Sanders v. Christopher

14  Aranas, U.S.D.C. Case No. 1:06-cv-01574-AWI-SMS; this case is closed).  Officer Aranas' arrest

15  of plaintiff that was subject to that lawsuit occurred on June 6, 2006, seven months after the arrest

16  by Officer Bishop and is not relevant to the facts leading to the cause for arrest on November 30,

17  2005.[1]

18      This motion in limine is GRANTED.

19  **B.**    **MOTION IN LIMINE NO. 2**

20      **Evidence of Personnel Information And/or Records of Any Testifying Officer.**

21      This motion in limine is GRANTED under Federal Rules of Evidence 404(b).

22  **C.**    **MOTION IN LIMINE NO. 3**

23      **Evidence of Defendant's Employer's (the City of Fresno) Liability Insurance.**

24      Plaintiff does not intend to introduce this type of evidence as no discovery on this subject

25  matter was conducted.  Further, "Evidence that a person was or was not insured against liability is

26  not admissible upon the issues of whether the person acted negligently or otherwise wrongfully."

27

28      [1] Although the Court granted this motion, it was not specific to Officer Christopher Aranas.  Defendant proposes the Order specifically include the lawsuit involving Christopher Aranas.

1    Fed. R. Evid. 411.

2         This motion in limine is GRANTED.

3    **D.      MOTION IN LIMINE NO. 4**

4         **Evidence Regarding Defendant's Indemnification by the City of Fresno.**

5         Plaintiff does not intend to introduce this type of evidence as no discovery on this subject

6    matter was conducted. Further, the Ninth Circuit has held that informing the jury in a 42 U.S.C.

7    section 1983 civil right's claim that a police officer may be indemnified for damages by the City

8    employing him is reversible error requiring a new trial on the measure of damages.  Larez v.

9    Holcomb 16 F.3d 1513, 1518-1521 (9th Cir.1994)

10        This motion in limine is GRANTED.

11   **E.      MOTION IN LIMINE NO. 5**

12        **Evidence that the search of plaintiff was unlawful.**

13        This Court has already ruled the search of plaintiff was a lawful, valid probation search.

14   See, "Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment" at

15   Court Docket No. 120, signed December 29, 2008. The parties are therefore precluded from arguing

16   or offering any form of evidence that the search was unlawful.

17        This motion in limine is GRANTED.

18   **F.      MOTION IN LIMINE NO. 6**

19        **Inappropriate and Offensive Comments.**

20        This motion in limine is GRANTED and both parties are expected to conduct themselves

21   in a respectful and professional manner.

22   **G.      MOTION IN LIMINE NO. 7**

23        **Evidence Regarding the Case Being Severed.**

24        The Court has severed this matter from the matter of Phillip Sanders v. Officer Ignacio Ruiz

25   because plaintiff conceded there is no relation between each of the two arrests.  See, "Order

26   Granting Defendants' Motion to Sever Case" at Court Docket No. 116, signed December 15, 2008.

27   Since the matter of Ignacio Ruiz is not relevant to the issues in this case against Mark Bishop, the

28   Court finds this evidence inadmissible.

1    This motion in limine is GRANTED.

2    **H.    MOTION IN LIMINE NO. 8**

3        **Evidence Regarding Plaintiff's Claimed Damages.**

4        Defendant seeks to prevent plaintiff from offering any evidence of his claimed damages

5    because plaintiff failed to provide defendant with any documentation or other evidence to support

6    his claimed damages during discovery.

7        This motion in limine is conditionally GRANTED.  Plaintiff is, however, allowed to testify

8    as to those damages he testified to in his deposition and those claimed in his Third Amended

9    Complaint.  However, he is not allowed to introduce any documents or witnesses to support his

10   claimed damages.

11   **I.    MOTION IN LIMINE NO. 9**

12       **Evidence Regarding Claims or Allegations That Have Not Been Alleged.**

13       Plaintiff is limited to only asserting those claims he has alleged in his Third Amended

14   Complaint, as set forth in the Pretrial Order.  Absent a showing of manifest injustice, he is

15   precluded from raising new claims or causes of action during the trial.

16       This motion in limine is GRANTED.

17   **J.    MOTION IN LIMINE NO. 10**

18       **Evidence or Witnesses Not Previously Disclosed During Discovery.**

19       Defendant sought to exclude trial testimony by Glenda Toney and Melissa Nutt because

20   their contact information was never provided to defendant such that he was deprived of conducting

21   discovery relating to them.  Since the filing of the Motions in Limine, plaintiff set the deposition

22   of Glenda Toney and therefore, Defendant withdraws his motion with respect to Ms. Toney.

23       With respect to Ms. Nutt, plaintiff concedes that he does not intend to call Ms. Nutt to testify

24   at trial.

25       This motion in limine is MOOT as to Glenda Toney and GRANTED as to Melissa Nutt.

26   **K.    MOTION IN LIMINE NO. 11**

27       **Improper comments relating to damages (the "Golden Rule Argument").**

28       Defendant seeks to preclude plaintiff from arguing that jurors should base a damages award

1    on the amount they themselves would charge in order to endure similar injuries, i.e. putting the

2    jurors in plaintiff's shoes. See, e.g,, <u>Lovett v. Union Pac. R.R.</u>, 201 F.3d 1074, 1083 (8th Cir. 2000).

3              This motion in limine is GRANTED

4    **L.      MOTION IN LIMINE NO. 12**

5    **_____Evidence Regarding Settlement Negotiations.**

6              Federal Rules of Evidence, Rule 408 prohibits a party from introducing any offers of

7    compromise.  Therefore, the parties are precluded from referencing any settlement negotiations

8    Defendant has offered in attempting to resolve this matter.

9              Accordingly, this motion in limine is GRANTED.

10   **M.      MOTION IN LIMINE NO. 13**

11   **        Evidence Regarding Probation Officer, Angie Mendez's, Relationship with**

12   **        Plaintiff's Ex Bother-in-law.**

13             Defendant seeks to preclude plaintiff from offering any evidence or referencing the fact that

14   potential witness, Probation Officer Angie Mendez, in currently involved in a relationship with

15   Fresno Police Officer Marcus Gray, who happens to also be plaintiff's ex brother-in-law.  Plaintiff

16   concedes that he has no intention of introducing evidence of this fact.

17             Accordingly, this motion in limine is GRANTED.

18                                        **II.**

19                      **PLAINTIFF'S MOTIONS IN LIMINE**

20   **A.      MOTION IN LIMINE NO. 1**

21   **        Evidence of Incomplete Police Reports.**

22             This motion in limine is DENIED.  However, defendant is directed to check with the Fresno

23   Police Department's Records Unit to find out if any Arrest Declaration, Event Report, Dispatch

24   Recordings, and Supplemental reports exist.  Defense Counsel is to notify the Court immediately

25   of any such findings.

26             On February 20, 2009, Defense Counsel contacted the Court Clerk (Alice Timken) via

27   electronic message to inform her that an Event Report was located.  Defense counsel discovered that

28   she had already mailed and e-mailed the Event Report to Plaintiff on February 4, 2009.

1    **B.      MOTION IN LIMINE NO. 2**

2           **Evidence of Photos Except Google Air Shot**.

3           This motion is vague as Plaintiff has not identified which photos he wishes to exclude.

4    Therefore, this motion in limine is DENIED.

5    **C.      MOTION IN LIMINE NO. 3**

6           **Evidence of Probation Status Post Arrest and Unassigned Probation Officers**.

7           The post arrest status of plaintiff's probation is relevant to plaintiff's damages.   The

8    testimony of Probation Officers is also relevant so long as the witness has knowledge about the

9    information s/he will testify to.  The Court conditionally DENIES this motion but plaintiff can

10   reinstate his objection as necessary during the trial.

11   **D.      MOTION IN LIMINE NO. 4  (Identified by Plaintiff as No. 1)**

12          **Evidence of Incomplete Police Reports and Reports Authored by Officer Mark**

13          **Bishop.**

14          The actual police reports authored by Officer Mark Bishop relating to prior arrests of

15   plaintiff are not admissible into evidence.   However, Officer Bishop may testify about his

16   familiarity of plaintiff based upon his prior arrests of him and may use the police reports to refresh

17   his recollection about those arrests.

18           This motion in limine is conditionally GRANTED.

19   **E.      MOTION IN LIMINE NO. 5  (Identified by Plaintiff as No. 3)**

20          **Evidence of Felony and Misdemeanor Advisement Forms**.

21          Plaintiff seeks to exclude the Misdemeanor and Felony advisement Forms wherein he

22   pleaded guilty to the crimes set forth therein.   This motion in limine is GRANTED with the

23   qualification that any such documents can be used for impeachment only.

24   **F.      MOTION IN LIMINE NO. 6  (Identified by Plaintiff as No. 4)**

25          **Evidence of Probation Department Recommendations and Court Orders.**

26          This motion is too general, over broad and does not identify which specific documents

27   plaintiff is referring to.  This motion in limine is therefore, DENIED without prejudice.

28   **G.      MOTION IN LIMINE NO. 7  (Identified by Plaintiff as No. 5)**

**Evidence of Probation Department Records and Reports.**

This motion is too general, over broad and does not identify which specific excerpts of records plaintiff is referring to.  Further, the parties are entitled to use documents that fall under the Business Records exception to hearsay under Federal Rules of Evidence 803(6).

This motion in limine is therefore, DENIED without prejudice.

**H.    MOTION IN LIMINE NO. 8  (Identified by Plaintiff as No. 6)**

**Evidence of Minute Orders from Fresno Superior Court**.

This motion is too general, over broad and does not identify which specific Minute Orders plaintiff is referring to.

This motion in limine is therefore, DENIED without prejudice.

**I.    MOTION IN LIMINE NO. 9  (Identified by Plaintiff as No. 7)**

**Evidence of Exhibits Used in All Depositions**.

This motion is too general, over broad and does not identify which specific Exhibits plaintiff is referring to.

This motion in limine is therefore, DENIED without prejudice.

**J.    MOTION IN LIMINE NO. 10  (Identified by Plaintiff as No. 8)**

**Evidence of Map and Diagram of the Scene**.

The parties are entitled to use demonstrative evidence that may assist the trier of fact.

This motion in limine is therefore, DENIED.

**K.    MOTION IN LIMINE NO. 11  (Identified by Plaintiff as No. 9)**

**Evidence of Records from the California Department of Corrections.**

This motion is too general, over broad and does not identify which specific Records plaintiff is referring to.

This motion in limine is therefore, DENIED without prejudice.

**L.    MOTION IN LIMINE NO. 12  (Identified by Plaintiff as No. 10)**

**Evidence of Records from the Fresno County Jail**.

This motion is too general, over broad and does not identify which specific Records plaintiff is referring to.

1    This motion in limine is therefore, DENIED without prejudice.

2    **M.    MOTION IN LIMINE NO. 13  (Identified by Plaintiff as No. 11)**

3         **Evidence of the April 13, 2004 Sentencing Hearing Transcript.**

4         This motion is too general, over broad and does not identify which specific portions of the

5    Reporter's Transcript plaintiff is referring to.  Without knowing the contents of the Reporter's

6    Transcript, the Court is not able to evaluate its admissibility.

7         This motion in limine is therefore, DENIED without prejudice.

8    **N.    MOTION IN LIMINE NO. 14  (Identified by Plaintiff as No. 12)**

9         **Evidence of Records from California State University, Fresno.**

10        Defendant concedes that so such records relevant to this case were obtained.  This motion

11   in limine is therefore, GRANTED.

12   **O.    MOTION IN LIMINE NO. 13  (Identified by Plaintiff as No. 13)**

13        **Evidence of Records from California State University, Bakersfield.**

14        Defendant concedes that so such records relevant to this case were obtained.  This motion

15   in limine is therefore, GRANTED.

16   **P.    MOTION IN LIMINE NO. 14  (Identified by Plaintiff as No. 14)**

17        **Evidence of Minute Orders and Documents From Fresno Superior Court File**.

18        This Motion is a duplicate of Motion In Limine No. 8, supra.  The same analysis applies.

19   This motion is too general, over broad and does not identify which specific Minute Orders plaintiff

20   is referring to.

21        This motion in limine is therefore, DENIED without prejudice.

22

23   IT IS SO ORDERED.

24   **Dated:    February 26, 2009**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

25

26

27

28